OPINION
Appellants James Mathews and Dennis Wagner appeal the decision of the Stark County Court of Common Pleas that reversed the decision of the Stark County Commissioners that found the petition filed by Appellees American Built Homes, Ltd. ("American") and A.E.R. Limited Partnership ("AER") violated R.C. 709.02. The following facts give rise to this appeal. Prior to the filing of the annexation petition, Jerry Bishop, the President of American, filed an application for zone change with Lexington Township, requesting a change of the zoning classification of the property at issue from "R-1 Single Family" to "R-4 Multifamily Urban Residential." Jerry Bishop also sought to re-zone the property located east of U.S. Route 62 from a combination of "R-1" and "B-3" to "R-4 Multifamily Urban Residential." The purpose of the application for zone change was to permit the construction of apartments. When the re-zoning request came before the Stark County Regional Planning Commission, the Commission recommended that the zone change be denied on the basis that the property was located directly adjacent to established, single family residential areas. Despite this recommendation, the Lexington Township Zoning Commission voted to approve the zone change on August 24, 1998. On October 6, 1998, the Lexington Township Trustees voted to approve the re-zoning request. Subsequently, a petition for zoning referendum was timely presented to the Lexington Township Trustees. At the general election on November 2, 1999, the electors disapproved the trustees' re-zoning of the property. At all times during these re-zoning proceedings the property at issue, except for that owned by the State of Ohio, was in the name of American and AER. American had acquired title to this property in November 1998 and a deed was recorded on November 3, 1998, in the name of American. By deed recorded on December 7, 1998, American transferred approximately twenty-five acres of the property into the name of AER. On December 18, 1998, eleven days after the deed was recorded in AER's name, Appellees American and AER filed a petition for annexation with the Stark County Commissioners. The petition identified three property owners, American, AER and the State of Ohio, and proposed the annexation of approximately 95.5 acres of land located in Lexington Township into the City of Alliance. The land at issue is located in the southeast portion of Lexington Township. The property is bisected by U.S. Route 62 and the State of Ohio owns approximately thirty acres. The Commissioners conducted a timely public hearing on the petition on March 3, 1999. Approximately one hundred and thirty residents attended this meeting and many residents voiced their opposition to the petition. Appellants were among the residents in attendance at the meeting. On April 13, 1999, the Commissioners adopted a unanimous resolution denying the petition for annexation. Specifically, the resolution contained the following finding of fact: The petition did not contain a majority of signatures as required by ORC Section 709.02, namely "no person, firm, trustee, or private corporation that has become an owner of real estate by a conveyance the primary purpose of which is to affect the number of owners required to sign an annexation petition is included with in (sic) such meaning." IT IS THEREFORE RESOLVED, on the basis of the fact found herein, the subject annexation is denied.
On April 23, 1999, appellees filed their notice of appeal of the Commissioners' decision. On June 1, 1999, appellants filed a motion for leave to intervene in continued opposition to the administrative appeal. The trial court granted appellants' motion on June 16, 1999. Appellees filed a motion for summary judgment on June 17, 1999. Appellants filed a brief opposing appellees' motion for summary judgment on July 6, 1999. On July 13, 1999, the Board of Lexington Township Trustees filed a motion to dismiss the appeal on jurisdictional grounds. Appellees filed a brief responding to appellants' brief and the motion to dismiss on July 19, 1999. Thereafter, the trial court filed its decision, by judgment entry, on September 8, 1999. The trial court rejected the Commissioners' reasoning finding the State of Ohio is not a "property owner" for purposes of annexation proceedings and that a majority of property owners are in favor of annexation. Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration.
I. THE LOWER COURT ERRED AS A MATTER OF LAW BY ALLOWING THE ANNEXATION PETITIONERS TO EFFECTIVELY AMEND THEIR PETITION FOR ANNEXATION ON APPEAL, AFTER THE RECORD WAS CLOSED AND THE DECISION OF THE STARK COUNTY COMMISSIONERS DENYING THE PETITION WAS ALREADY RENDERED.
II. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO APPLY PRINCIPLES OF WAIVER AND INVITED ERROR IN THE PETITIONERS' ADMINISTRATIVE APPEAL.
III. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO RECOGNIZE THE STATE OF OHIO AS A PROPERTY "OWNER" FOR PURPOSES OF THE PETITION FOR ANNEXATION AT ISSUE IN THIS CASE.
IV. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO AFFIRM THE DECISION OF THE STARK COUNTY COMMISSIONERS WHICH DENIED THE PETITION FOR ANNEXATION AT ISSUE IN THIS CASE BECAUSE IT VIOLATED R.C. § 709.02.
Standard of Review
An order affirming or denying a petition for annexation may be appealed to the Common Pleas Court pursuant to R.C. 2506.01. The Court of Common Pleas must weigh the evidence before it to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the decision made by the agency. The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence. R.C. 2506.04. This judgment may then be appealed to the court of appeals, by any party, on questions of law as provided by the Rules of Appellate Procedure. Id. Our review is more limited in scope. We must determine whether, as a matter of law, there existed a preponderance of reliable, probative and substantial evidence to support the finding by the trial court. Smith v. Granville Township Board of Trustees (1998), 81 Ohio St.3d 608,613. It is based on this standard that we review appellants' assignments of error.
 III
We will address appellants' Third Assignment of Error first as we find it dispositive of this matter on appeal. Appellants contend, in their Third Assignment of Error, that the trial court erred when it determined the State of Ohio was not a "property owner" for purposes of the petition for annexation. We agree. The trial court concluded the State of Ohio was not a "property owner" based on the unreported authority of In re the Annexation of 155.3052 Acres of Land in Brunswick Hills Twp. v. Reid (Jan. 2, 1992), Medina App. No. 2030, unreported; Butler Hamburger, Inc. v. Bd. of County Commissioners of Wood County (May 1, 1987), Wood App. No. WD-86-71, unreported; and Deerfield Twp. Bd. of Trustees v. Bayshore (May 12, 1997), Warren App. No. CA96-091, unreported. These cases held that for purposes of R.C. Chapter 709, the State of Ohio will not be considered a landowner where it holds and utilizes land for highway purposes only. Based on this case law, the trial court concluded the issue of whether AER and American should be considered separate property owners was moot because the State of Ohio should not be considered an owner for purposes of annexation proceedings and a majority exists even if it is only one landowner that is to be considered. Judgment Entry, Sept. 8, 1999, at 5. Although only persuasive authority, as with the unreported cases cited above, we find an opinion issued by the Ohio Attorney General directly addresses this matter. In 1986, the attorney general issued an opinion addressing the following question: "Where the land over which a state highway passes is owned in fee simple by the state, is the state an owner for purposes of annexation proceedings under R.C. 709.02?" 1986 Ohio Atty.Gen.Ops. No. 86-019, at 1. In addressing this issue, the attorney general reviewed the definition of "owner" or "owners" as contained in R.C. 709.02(C). This statute provides, in pertinent part: As used in section 709.02 to 709.21 and 709.38 and 709.39 of the Revised Code, `owner' or `owners' means any adult individual seized of a freehold estate in land who is legally competent and any firm, trustee, or private corporation that is seized of a freehold estate in land; except that individuals, firms and corporations holding easements are not included within such meanings; and no person, firm, trustee, or private corporation that has become an owner of real estate by a conveyance the primary purpose of which is to affect the number of owners required to sign an annexation petition is included within such meanings.
Thus, the attorney general concluded that in order to qualify as an owner, the state must be seized of a freehold estate in the land and be either an adult individual, firm, trustee, or private corporation. Id. at 4407. A freehold estate is an estate for life or in fee simple. Id. The attorney general also concluded the State of Ohio qualifies as a "trustee", under R.C. 709.02(C), as the state holds the highway as a trustee for the citizens. Id. at 4408. The attorney general summarized his conclusion as follows: Therefore, the state holds land for highway purposes in trust for the benefit of the public, and when the state is seized of a freehold estate in such land, it is an `owner' for purposes of annexation pursuant to R.C. 709.02. In the situation you pose the state must, therefore, be included as an owner in determining if the `majority of owners' have signed an application for annexation. Id.
In the matter currently before the court, we find the State of Ohio is an "owner" for purposes of the annexation proceedings. The record does not indicate whether the State of Ohio holds the property in fee simple. However, assuming that it does, we find, in the case sub judice, the State of Ohio, is an "owner" for purposes of R.C. 709.02 and therefore, the trial court erred, as a matter of law, when it concluded the State of Ohio should not be considered an "owner" for purposes of the annexation proceedings. Thus, the issue of whether AER is a separate property owner is not moot because if the Commissioners were correct in finding AER not to be a separate property owner, then appellees do not have a majority of property owners in favor of annexation. Accordingly, we sustain appellants' Third Assignment of Error.
Appellants' First, Second and Fourth Assignments of Error are moot based on our disposition of appellants' Third Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
FARMER, J., and EDWARDS, J., concur.